IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LEVON TOLBERT,                          §
                                        §
                  Movant,               §
                                        §
V.                                      §          No. 3:16-cv-1897-G-BN
                                        §
UNITED STATES OF AMERICA,               §
                                        §
                  Respondent.           §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Movant LeVon Tolbert, a federal prisoner, proceeding *pro se*, has filed his first motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. This action has been referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference from Senior Judge A. Joe Fish.

Tolbert's Section 2255 motion challenges his Section 924(c) convictions under *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* Dkt. No. 2; No. 3:00-cr-22-G, Dkt. No. 43. In response to the Court's order to show cause, *see* Dkt. No. 3, the government moved to dismiss the motion as barred by the applicable statute of limitations, *see* Dkt. No. 5. Tolbert failed to file a reply brief, and time to do has expired.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss Tolbert's Section 2255 motion as time-barred.

-1-

## Applicable Background

After Tolbert pleaded guilty to one count of carjacking and aiding and abetting, in violation of 18 U.S.C. §§ 2119 and 2; one count of bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2113(a) and (b) and 2; and two counts of using a firearm during a crime of violence and aiding and abetting – one count for each underlying offense – in violation of 18 U.S.C. § 924(c)(1) and 2, the Court sentenced him to four concurrent sentences of 180 months of imprisonment. *See United States v. Tolbert*, No. 3:00-cr-22-G (N.D. Tex. Aug. 23, 2000), Dkt. No. 59. Tolbert did not appeal.

A review of his criminal case docket reveals that Tolbert was placed on supervised release sometime prior to May 2013, when he consented to participate in the Court's PASS re-entry program, which, if he had completed successfully would have resulted in a supervised-release termination date of May 14, 2015. *See* No. 3:00-cr-22-G, Dkt. No. 36. Tolbert, however, violated a condition of his supervised release in August 2013 when he was arrested on drug charges in Denton County, Texas. *See id.*, Dkt. No. 40. The Court subsequently transferred jurisdiction over Tolbert to the Eastern District of Texas. *See id.*, Dkt. No. 41.

Despite the transfer of jurisdiction to the Eastern District of Texas in 2013, because Tolbert is challenging his Section 924(c) convictions, "actions taken before transfer of his case to [the Eastern District]," this Court should consider the timeliness of those challenges. *United States v. Caicedo*, 341 F. App'x 403, 403-04 (10th Cir. 2009) (per curiam) (denying certificate of appealabilty where district court drew the same

line – "The district court ruled that to the extent that Mr. Caicedo was challenging actions taken before transfer of his case to Texas, his claims were untimely. *See* 28 U.S.C. § 2255(f). And to the extent that his claims related to actions after transfer of his case, he needed to pursue relief in the Southern District of Texas.").

Furthermore, the docket and online records from the Federal Bureau of Prisons reflect that Tolbert is currently "in custody" – possibly pursuant to the aforementioned supervised release violation and/or a federal-drug-conspiracy conviction. *See* No. 3:00-cr-22-G, Dkt. No. 40 at 2 (reflecting that Tolbert's August 2013 arrest in Denton County was to be presented to a grand jury in the Eastern District of Texas in September 2013). *Cf. United States v. Murphy*, 173 F.3d 430 (table), 1999 WL 107683, at *1 (6th Cir. 1999) (per curiam) ("The sentence Murphy seeks to vacate was imposed in 1970 after his guilty plea to unarmed bank robbery in violation of 18 U.S.C. § 2113; Murphy did not appeal either his conviction or his sentence. Murphy meets the 'in custody' requirement of 28 U.S.C. § 2255 because of parole violations and new federal convictions.").

## Legal Standards

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), *codified at* 28 U.S.C. § 2255(f). The statute provides that the limitations period shall run from the latest of –

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by

governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g., United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham,* 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States,* 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida,* 560 U.S. 631, 649 (2010)). The United States Supreme Court recently reaffirmed "that the second prong of the equitable

tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).

The Supreme Court also has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

## Analysis

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – which clause then defined "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical

injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563; *see also id.* ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

Because "*Johnson* affected the reach of the underlying statute[, the ACCA,] rather than the judicial procedures by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288 (1989),] in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Therefore, if Tolbert were challenging a conviction and sentence that implicated the ACCA's residual clause, 28 U.S.C. § 2255(f)(3) could operate to make the current motion timely if such a motion was filed within one year from the date *Johnson* was decided. *See Dodd v. United States*, 545 U.S. 353 (2005) (Section 2255(f)(3)'s one-year period begins to run on the date on which the Supreme Court "initially recognized" the right asserted, not the date on which that right is made retroactively applicable).

But Tolbert's collateral challenge does not implicate the ACCA's residual clause. Instead, Tolbert challenges, pursuant to *Johnson*, two convictions for use of a firearm during a "crime of violence" under Section 924(c)(1).

Tolbert does seek to extend *Johnson's* holding outside the underlying statute. But, because this is Tolbert's initial Section 2255 motion, its timeliness under Section 2255(f)(3) "'does not require that the retroactivity determination'" – that is, the determination that *Johnson's* holding reaches, retroactively, beyond the ACCA's residual clause – "'be made by the Supreme Court itself.'" *United States v. Olvera*, 775

F.3d 726, 730 n.11 (5th Cir. 2015) (quoting *United States v. Lopez*, 248 F.3d 427, 432 (5th Cir. 2001), and distinguishing Section 2255(f)(3) from a requirement imposed by 28 U.S.C. § 2255(h)(2), applicable to second or successive Section 2255 motions); *see also In re Fields*, 826 F.3d 785, 786-87 (5th Cir. 2016) (per curiam) (refusing to preliminarily authorize, under Section 2255(h)(2), a successive Section 2255 motion presenting a *Johnson*-based challenge to 28 U.S.C. § 924(c)(3)(B) because, "even if *Johnson* does apply to that provision, the Supreme Court has not addressed whether this arguably new rule of criminal procedure applies retroactively to cases on collateral review").

Regardless, the definition of "violent felony" under the ACCA's residual clause is substantially different than the definition of "crime of violence" used in Section 924(c). *See* 18 U.S.C. § 924(c)(3) (defining "crime of violence" as a felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"). And that definition is identical to the definition of "crime of violence" in 18 U.S.C. § 16(b), a provision that the United States Court of Appeals for the Fifth Circuit has held "is not unconstitutionally vague" in light of *Johnson*. *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (en banc); *see* 18 U.S.C. § 16(b) ("The term 'crime of violence' means – (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature,

involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."); *see also In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) ("[T]he bank robbery and conspiracy to obstruct interstate commerce by robbery statutes that Lott was convicted under do not contain language similar to the provision that the Supreme Court found unconstitutionally vague in *Johnson*, and so *Johnson* has no bearing on them." (citations omitted)); *but see Lynch v. Dimaya*, No. 15-1498, 137 S. Ct. 31 (2016) (granting certiorari review to decide whether Section 16(b), as incorporated into the Immigration and Nationality Act's provisions governing an alien's removal from the United States, is unconstitutionally vague).

But, even if this Court were to determine that *Johnson*'s invalidation of the ACCA's residual clause should be extended to Section 924(c)(3)(B), such an extension would not benefit Tolbert because the first underlying "crime of violence," a Section 2113 bank robbery – whether "by force and violence" or solely "by intimidation" – is an offense "that 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *Royal v. Tombone*, 141 F.3d 596, 602 (5th Cir. 1998) (quoting 18 U.S.C. § 924(c)(3)(A)); *see United States v. Bruce*, ___ F. App'x ____, No. 15-11186, 2016 WL 4586552, at *1 (5th Cir. Sept. 2, 2016) (per curiam) (citing *Royal* to affirm the acceptance of a guilty plea where appellant argued that the plea should not have been accepted "because his bank robbery conviction does not

qualify as a [crime of violence] in light of *Johnson*").[1]

And, while the Fifth Circuit recently reaffirmed that federal carjacking "is always and without exception a 'crime of violence' as that term is defined in 18 U.S.C. § 924(c)(3)," *United States v. Jones*, 642 F. App'x 304, 305 (5th Cir. 2016) (per curiam) (quoting *United States v. Frye*, 489 F.3d 201, 208-09 (5th Cir. 2007) (in turn quoting

---

[1] *See also United States v. McBride*, 826 F.3d 293, 295-96 (6th Cir. 2016) ("Bank robbery by 'force and violence' plainly involves 'the use, attempted use, or threatened use of physical force.' Whether the same is true of bank robbery by 'intimidation' is a closer question, although not by much.... The defendant must at least know that his actions would create the impression in an ordinary person that resistance would be met by force. A taking by intimidation under § 2113(a) therefore involves the threat to use physical force. We reject McBride's contention that daylight can be found between 'intimidation' and 'threatened use of physical force.' Although McBride is correct that intimidation can be communicated by 'words, demands, and gestures,' so too with the threat of physical force. Furthermore, even if we accept McBride's arguments that one can threaten to cause bodily injury that does not require physical force, ... that is not the case with intimidation in the § 2113(a) context, which requires the threat to use physical force, not merely to cause bodily injury." (citations omitted)); *United States v. Johnson*, No: 05-80025, 2016 WL 7158642, at *3 (E.D. Mich. Dec. 8, 2016) (noting that, in addition to the Sixth Circuit in *McBride*, "other Circuits hold that armed bank robbery under § 2113(a) is a crime of violence for purposes of the *force* clause" (citing *United States v. Adkins*, 937 F. 2d 947, 950 (4th Cir. 1991); *United States v. Wright*, 215 F.3d. 1020, 1028 (9th Cir. 2000); *Royal*, 141 F.3d. at 601; emphasis in original); *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016) ("In sum, we are satisfied that bank robbery under 18 U.S.C. § 2113(a) is a 'crime of violence' within the meaning of the force clause of 18 U.S.C. § 924(c)(3), because it 'has as an element the use, attempted use, or threatened use of physical force' – specifically, the taking or attempted taking of property 'by force and violence, or by intimidation.'"); *id.* at 152 n.8 ("Because § 2113(a) bank robbery satisfies the § 924(c)(3) force clause, we do not consider whether *Johnson* renders the § 924(c)(3) residual clause unconstitutionally vague."); *cf. United States v. McGuire*, Nos. 6:92-cr-10096-JTM-1 & 6:16-cv-01166-JTM, 2016 WL 4479129, at *2 (D. Kan. Aug. 25, 2016) ("Aside from the fact that robbery was specifically listed as a violent offense, bank robbery qualifies as such under the 'force clause' of § 4B1.2(1)(i), because the use or threatened use of force is an element of the offense. The only potential question on that point is whether a taking by 'intimidation' qualifies as a threatened use of force, but the courts have unanimously held that it does, both before and after *Johnson*." (collecting cases)).

*United States v. Singleton*, 16 F.3d 1419, 1423 (5th Cir. 1994))); some quotation marks omitted), like Section 2113 bank robbery, Section 2119 carjacking is, moreover, a "crime of violence" pursuant to Section 924(c)'s force clause, *see, e.g., Gray v. United States*, ___ F. Supp. 3d ____, Nos. 4:16cv86 & 4:08cr25, 2016 WL 4507118, at *2 (E.D. Va. July 25, 2016) ("In *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016), the Fourth Circuit applied the categorical approach to find that armed bank robbery and its lesser-included offense of bank robbery, both in violation of 18 U.S.C. § 2113, are crimes of violence under the force clause of § 924(c)(3), not under that statute's residual clause. *McNeal*, 818 F.3d at 157. The statute evaluated in *McNeal* is substantially similar to the armed carjacking statute to be evaluated in this case. *Compare* 18 U.S.C. § 2113, *with* 18 U.S.C. § 2119. Specifically, both include as an element a taking 'by force and violence, or by intimidation.' 18 U.S.C. §§ 2113, 2119. In *McNeal*, the Fourth Circuit held that both means of committing the crime satisfy the force clause of § 924(c)(3), because '[a] taking "by force and violence" entails the use of physical force,' and '[l]ikewise, a taking "by intimidation" involves the threat to use such force.' *McNeal*, 818 F.3d at 153. Because armed carjacking, in violation of 18 U.S.C. § 2119, requires the same element, the analysis in *McNeal* applies equally well here. Therefore, whether a defendant convicted under § 2119 took a motor vehicle by force and violence, or by intimidation, the crime necessarily involved the 'use, attempted to use, or threatened use of physical force' encompassed by the force clause of § 924(c)(3), making the residual clause of § 924(c)(3) irrelevant. Accordingly, under the categorical approach, *Johnson* cannot even arguably apply to the crime of armed carjacking, in

-10-

violation of 18 U.S.C. § 2119.").[2]

Therefore, because each of Tolbert's underlying offenses is a "crime of violence" under Section 924(c)'s force clause, which does not contain language remotely similar to language in a separate statute that *Johnson* struck down as unconstitutionally vague, his Section 2255 motion is not timely under Section 2255(f)(3). And neither equitable tolling nor the narrow actual-innocence exception save Tolbert's motion from being time-barred under Section 2255(f).

## Recommendation

The Court should dismiss Tolbert's Section 2255 motion as time-barred. On the basis of that dismissal, the Court should also terminate the Motion to Modify Conditions of Probation [No. 3:00-cr-22-G, Dkt. No. 43], which is, in substance, part of Tolbert's motion to vacate sentences and not a standalone motion the Court need consider.

---

[2] *See also id.* at *2 n.3 (further noting that the force clause's applicability is established by Section 2119's requirement "that the defendant have 'the intent to cause death or serious bodily harm'" because "[p]roof of this element, by necessity, requires some evidence that the defendant used, attempted to use, or threatened to use physical force"); *In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016) (per curiam) ("Even assuming that *Johnson* invalidated § 924(c)'s residual clause, that conclusion would not assist Smith because the elements of the underlying conviction on which his § 924(c) conviction was based – carjacking, in violation of 18 U.S.C. § 2119 – meet the requirements that the force clause in § 924(c)(3)(A) sets out for a qualifying underlying offense."); *Dobbins v. United States*, Nos. 3:12-CR-100-TWP-HBG-1 & 3:16-CV-353-TWP, 2016 WL 7388389, at *2 (E.D. Tenn. Dec. 21, 2016) ("Federal carjacking – defined as the intentional taking of a motor vehicle from the presence of another 'by force and violence or by intimidation,' 18 U.S.C. § 2119 – invariably involves the use of force capable of causing physical pain or injury. The *Johnson* decision has no impact on this categorization and, as a result, cannot serve as grounds for granting the requested relief." (some citations omitted)).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 17, 2017

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE